IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Wesley Fullen,　　　　　　　　　　　　　:

　　　　Plaintiff　　　　　　　　　　　　:　　Case No. 2:08-cv-263

v.　　　　　　　　　　　　　　　　　　　:　　Judge Sargus

City of Columbus,　　　　　　　　　　　:　　Magistrate Judge Abel

　　　　Defendant　　　　　　　　　　　　:

**ORDER**

Plaintiff Wesley Fullen brings this action against defendant City of Columbus alleging violations 42 U.S.C. 2000e, *et seq.*, Ohio Revised Code § 4112.02 and 4112.99, 42 U.S.C. § 1983, as well as state law claims for invasion of privacy and false light. This matter is before the Court on plaintiff Fullen's August 14, 2008 motion to dismiss or, in the alternative, to strike defendant's affirmative defenses (doc. 6).

The answer of defendant City of Columbus asserts the following affirmative defenses:

- The complaint fails to state a claim upon which relief can be granted.

- Some or all of Plaintiff's claims are beyond the applicable statute of limitations.

- Defendant is entitled to all applicable immunities, defenses, set-offs, and limitations on liability that are set forth in Chapter 2744 of the Ohio Revised Code.

1

- Plaintiff's claims are barred in whole or in part by collateral estoppel and/or res judicata.
- Plaintiff has failed to mitigate damages.
- The court lacks subject matter jurisdiction over some of Plaintiff's claims.
- Plaintiff has failed to exhaust his administrative remedies.
- Plaintiff has not suffered any damages.
- Defendant City of Columbus is not liable based on the doctrine of respondeat superior.
- Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

*See* doc. 5, ¶¶ 61-70.

Arguments of the Parties. Plaintiff argues that defendant's affirmative defenses are unsupported and violate Rule 8 of the Federal Rules of Civil Procedure. Plaintiff maintains that Rule 8 applies equally to plaintiffs and defendants. Because none of the defenses contains any factual allegations or specifically set forth facts related to any claim, they are inadequate under Rule 8(c) and subject to dismissal under Rule 12(f). According to plaintiff, bare bones conclusory allegations are not sufficient.

As a preliminary matter, the City of Columbus notes that plaintiff's motion is untimely because a Rule 12(f) motion to strike must be filed within 20 days after the service of the pleading. Defendant also argues that the Sixth Circuit does not require an affirmative defense to contain a short a plain statement of the basis for the defense as

2

plaintiff argues. Defendant maintains that the Sixth Circuit disfavors motions to strike affirmative defenses, particularly when raised prior to discovery.

Discussion. Rule 8(b) provides that "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). The general rule, however, is that "an affirmative defense may be pled in general terms and will survive a motion to strike as long as it gives the plaintiff fair notice of the nature of the defense." *Bradford Co. v. Afco Mfg.*, No. 1:05-CV-449, 2006 WL 143343, at *5 (S.D. Ohio Jan. 19, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274, at 616-17 (3d ed. 2004)).

Rule 12(f) of the Federal Rules of Civil Procedure states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Motions to strike defenses are generally disfavored. The Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953)). A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under

any circumstances.' " *United States Sec. & Exch. Comm'n. v. Thorn*, No. 2:01-CV-290, 2002WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (quoting *Ameriwood Industries Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich.1997)). A motion to strike is also proper when "it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Thorn*, 2002WL 31412440, at *2.

Generally, a 12(f) "motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991). Additionally, "this Court may only strike those defenses 'so legally insufficient that it is beyond cavil that defendants could not prevail on them.' " *Id.* (citing *United States v. Kramer*, 757 F. Supp. 397, 410 (D.N.J.1991)).

After reviewing the affirmative defenses asserted in defendant's answer, the Court cannot say that defendant has failed to put plaintiff on fair and adequate notice of the challenged claims as required by Rule 8. Furthermore, plaintiff has not demonstrated that defendant's defenses could never succeed as a matter of law as required by Rule 12(f).

For the reasons stated above, plaintiff Fullen's August 14, 2008 motion to dismiss or, in the alternative, to strike defendant's affirmative defenses (doc. 6) is DENIED.

10-23-2008
Edmund A. Sargus, Jr.
United States District Judge

4